## STONER v. FORD MOTOR CO.
### No. 20575.

District Court, N. D. Ohio, E. D.

July 1, 1942.

Albert H. Oldham, of Youngstown, Ohio, for plaintiff.

I. Joseph Farley, of Detroit, Mich., and John W. Meyer, of Hyde & Meyer, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The complaint charges infringement of claims 1, 2, 3, and 10 of the Hirst patent No. 1,504,452 for "Improvements in lubricating bolts". The patent was granted August 12, 1924, and assigned to the plaintiff in November, 1935. Such bolts as the patent professed to improve were used principally for lubricating automobile springs, although capable of use in other fields also.

They serve two functions: they hold the leaves of the spring together and at the same time allow lubrication to pass along the bolt through the bolt aperture in the spring leaves to the spaces between the spring leaves. Bolts for the general functions just mentioned were well known and in general use at the time of the granting of the patent. As the plaintiff says in his brief (p. 2): "The patent in suit is not basic in character, as it was old prior to Hirst to lubricate a spring by way of the center bolt". As stated, the plaintiff's patent covers an improved combination of parts for facilitating lubrication through the center bolt. The principal changes which the patentee made were:

1. A recess or groove milled or pressed in the surface of the bolt and extending longitudinally along the bolt.

2. A cap nut having a lateral opening for a lubricating conduit.

3. An opening or counterbored space in the abutting face of the nut.

The lateral opening in the cap nut permitted the injection of lubricant into the head of the bolt. The counterbored space afforded a receptacle or storage for such lubricant, and the groove along the shaft of the bolt facilitated the passage of lubricant from one end to the other of the bolt and laterally out into the spaces between the leaves of the spring.

The structure of the defendant which is alleged to infringe the patent consists of a bolt very much like the bolt of the patent in suit except that there is no groove or recess along the shank of the bolt. The passage of the lubricant along the bolt in the accused structure is facilitated by means of an oblong or elliptical aperture or bolt hole through the leaves of the spring. The nut at the head of the bolt in the accused structure has no recess or counterbored space in its abutting face adjacent the bolt. Nor has it a lateral opening for a lubricant conduit or intake. It is provided with a cap at the top or end of the nut which affords a storage or supply of lubricant.

The patent and the accused structure were alterations or changes in an already highly developed field of endeavor, or "crowded art". If the claims of the patent are given a construction or interpretation broad enough to cover the accused device, it seems clear to the court that they would read on—

Seng patent No. 1,224,329 (1916–1917)

Anderson patent No. 1,224,257 (1916–1917)

Thiell patent No. 1,016,905 (1910–1912)

Rigby patent No. 1,288,993 (1917–1918)

It seems to this court that the reading of the patent which is necessary in order to preserve the presumption of validity which its grant requires, also requires an interpretation so narrow and so strictly confined to the claims and drawings of the patent that the accused structure is clearly differentiated from it, and therefore must be held not to infringe it. Whereas the patent in suit calls for a groove along the shank of the bolt, the accused structure facilitates the passage of the lubricant along the bolt by an elliptical bolt hole through the springs. Whereas the Hirst patent calls for a lateral opening for a lubricant conduit into the counterbore or recess in the nut cap, the defendant's bolt has no such lateral opening or counterbore, and supplies the lubricant through the top or head of the nut. And whereas the Hirst patent calls for means by which the lubricant can pass along said shank to said recess and thence to said conduit, or vice versa, the defendant's bolt does not provide any means for passage of lubricant from recess to conduit, or vice versa. While the general purpose and function of both structures is the same, and similar to other such lubricating bolts, yet the court is constrained to conclude that the defendant's bolt does not infringe the patent of the plaintiff.

Plaintiff's complaint is dismissed at plaintiff's costs. Findings of fact and conclusions of law may be drawn in accordance with the rule.